IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL KEVIN HOFFMAN,                 :
                                       :
            Petitioner,                :
                                       :
      v.                               :     Civ. Act. No. 06-473-JJF
                                       :
VINCENT BIANCO, Warden,                :
and CARL C. DANBERG, Attorney          :
General for the State of Delaware,     :
                                       :
            Respondents.               :

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On December 29, 1999, the petitioner, Michael Kevin Hoffman, was arrested, and he was subsequently indicted on the charge of sexual solicitation of a child. *See* Del. Super. Ct. Crim. Dkt. Items 1 & 3 in case no. 9912017771. In August 2001, Hoffman entered a guilty plea in Delaware Superior Court on the charge. *Id.* at Item 13. Following a pre-sentence investigation, a Delaware Superior Court judge in August 2001 sentenced Hoffman to five years of incarceration, suspended after a year for four years of Level IV home confinement, suspended in turn after six months for the balance to be served at Level III supervision. *Id.* at Items 19-20. Hoffman did not appeal his conviction or sentence.

In July 2004, Hoffman was arrested for an alleged violation of the terms of his Level IV probation. *See id.* at Item 29. After a hearing, a Superior Court judge found Hoffman in violation and re-sentenced him to two years of incarceration, suspended after six months for one year and six months at Level IV home confinement, suspended after six months for one year of

Level III supervision. *See id.* at Item 34. Hoffman was found in violation an additional four times over the course of the next two years. *See id.* at Items 54, 65, 75, & 97. Hoffman docketed an appeal from the September 2, 2004 violation of probation sentence, but later voluntarily withdrew the appeal. *See id.* at Item 50. Ultimately, Hoffman was sentenced on November 9, 2006 for his fifth violation of probation to nine months of Level V incarceration with no probation to follow. *See id.* at Item 97. During the two-year period following his first violation of probation, Hoffman filed three state habeas petitions and six motions for modification of sentence, all of which were denied by Superior Court. *See generally id.* In January 2005, Hoffman also attempted to file a petition for habeas corpus in the Delaware Supreme Court, but that petition was dismissed for lack of jurisdiction. *See id.* at Item 53. On October 30, 2006, Hoffman voluntarily dismissed his appeal from the denial of his most recent motion for sentence modification. *Id.* at Item 96.

## Discussion

In his petition for federal habeas relief, Hoffman raises three grounds for relief: (1) the Department of Correction failed to place Hoffman at work release in a timely manner; (2) ineffective assistance of counsel because counsel tried to have Hoffman placed in an inpatient treatment program, and counsel had a conflict of interest at the violation of probation hearing in June 2006 because counsel was personal friends with the judge; and (3) Hoffman's June 2006 sentence and modified sentence did not comply with Delaware Senate Bill 50.[1] D.I. 1 at 6-9.

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

---

[1] Hoffman does not specify which sentence was in violation of Senate Bill 50. However, he does refer to his July 2006 state petition for habeas corpus relief in which he complains about the June 2006 sentencings. *See* D.I. 1 at 9; Del. Super. Ct. Crim. Dkt. Items 78 & 79.

States." 28 U.S.C. § 2254(a). "In order for a claim alleging constitutional violations to be cognizable under the federal habeas corpus statute, the petition must also challenge the fact or length of confinement and seek immediate or speedier release." *Phillips v. Kearney*, 2003 WL 2004392, *2 (D. Del. Apr. 21, 2003) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) and *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994)). Only claims where the requested relief will result in a shorter term of actual confinement can properly be brought in a federal habeas petition. *See Preiser*, 411 U.S. at 487; *see Leamer v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002). If a favorable decision will not change the prisoner's release date, then the claim is properly brought as a claim under 42 U.S.C. § 1983. *Leamer*, 288 F.3d at 543-44. Hoffman's claim is that he was not placed at work release while other prisoners were placed there. D.I. 1 at 6. Further, he asserts that he should have been held at Level III supervision (i.e., intensive probation) rather than Level V (incarceration) while awaiting placement at work release. *Id.* But Hoffman's sentence remains the same length whether he spends the time at Level V or Level IV. Thus, Hoffman's claim affects a condition of imprisonment, not the length or validity. Therefore, the instant claim does not assert an issue cognizable on federal habeas review. *See Boyd v. Carroll*, 2006 WL 839399, *1-2 (D. Del. Mar. 30, 2006) (collecting cases). Moreover, because Hoffman was eventually moved to work release, the claim is also moot. This claim must be dismissed.[2]

    In addition, Hoffman complains that his June 2006 violation of probation sentences were imposed in violation of Delaware Senate Bill 50. Senate Bill 50 was a 2003 amendment to § 4333 of Title 11 of the Delaware Code. The amendment limited the period of probation or

---

[2] Where a prisoner fails to allege a deprivation of a federal right, it is unnecessary to determine whether he satisfied the exhaustion requirement. *Tillett v. Freeman,* 868 F.2d 106, 108 (3d Cir. 1989).

suspension that the trial court may impose for sentences imposed after June 1, 2003.  *See Richardson v. State*, 2005 WL 3454229, *1 (Del. Dec. 16, 2005).  Hoffman was originally sentenced in May 2003[3] to serve five years in prison, suspended after one year for four years at Level IV home confinement, suspended in turn after six months for the balance at Level III supervision.  *See* Del. Super. Ct. Crim. Dkt. Item 20.  The sentences imposed by Superior Court for Hoffman's violation of probation in September 2004, March 2005 and August 2005 each required, *inter alia*, that he serve one year of Level III probation.  *Id.* at Items 34, 57, 66.  The June 8, 2006 sentence imposed no Level III time, the June 22, 2006 sentence imposed eighteen months at Level III, and the November 9, 2006 sentence imposed no probationary term.  *Id.* at Items 78, 79, and 97.  In general, the amended § 4333 allows for only a year of probation (Level III or below), but certain exceptions apply.  Section 4333(d) allows the sentencing court to exceed the limit when imposing sentence for a conviction of any sex offense defined in § 761 if the sentencing court determines that a longer period of probation would reduce the likelihood that the offender will re-offend.  DEL. CODE ANN. TIT. 11, § 4333(d)(1) (2004 Supp.).  In addition, the court can exceed the limit when imposing sentence following conviction for a "violent felony," as defined in § 4201(c) of Title 11.  DEL. CODE ANN. TIT. 11, § 4333(d)(2) (2004 Supp.).

Hoffman's original sentence, imposed on May 30, 2003, included more than a year of Level III probation.  The original sentence was imposed before the enactment of the statute.  Section 4333(j) provides that the probation limits shall apply to sentences imposed prior to June 1, 2003 only after an application by the Department of Correction has been made and considered by the court.  There is no record of any such application being filed by the Department of

---

[3] Sentencing was delayed in part so that various psychological assessments could be completed prior to sentencing.  *See* Del. Super. Ct. Crim. Dkt. at Item 17.

Corrections. Further, the limitations do not apply to Hoffman because he was convicted of sexual solicitation of a child (DEL. CODE ANN. TIT. 11, § 1112A), a sex offense as defined in § 761 and a violent felony as defined in § 4201(c). *See* DEL. CODE ANN. TIT. 11, §§ 761(d) (2004 Supp.) ("'Sexual offense' means any offense defined by §§ 763-780 and §§ 1108-1112A of this title."); 4201(c) (2001). Thus, there is simply no basis for Hoffman's claim regarding amended § 4333, and this claim should be dismissed.[4]

Hoffman also complains that his counsel was ineffective in various ways at his June 2006 violation of probation hearings. These claims, however, are unavailing. A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *see also Picard*, 404 U.S. at 275; *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *See Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1993).

---

[4] Alternatively, to the extent that Hoffman raises a federal claim regarding his sentencing, the claim is also unexhausted. Hoffman has not presented his claim to the state supreme court. Further, a claim of an illegal sentence can be raised at any time under Superior Court Criminal Rule 35(a). *See Fatir v. Thomas*, 106 F. Supp. 2d. 572, 582 (D. Del. 2000). Thus, Hoffman is not clearly foreclosed from returning to state court to exhaust this claim. However, because Hoffman violated the probation imposed on June 22, 2006 before a year had run (just as he violated his original term of probation before a year had run), and he has now been sentenced to a term of incarceration without any probation to follow, the claim is moot.

Here, Hoffman has not presented his ineffectiveness claims to the state supreme court. Although Hoffman filed numerous motions for sentence modification and petitions for state habeas relief in Superior Court, he did not appeal any of the denials of these filings to the state supreme court. *See generally* Del. Super. Ct. Crim. Dkt. Hoffman also voluntarily withdrew his appeal from the Superior Court order, dated July 20, 2006, denying a petition for a writ of habeas corpus. *See id.* at Item 93. Thus, Hoffman's claims are unexhausted. Moreover, the proper procedural vehicle for raising ineffective assistance of counsel claims is a postconviction action under Superior Court Criminal Rule 61. *See Webster v. Kearney*, 2006 WL 572711, *4 (D. Del.); *Lecates v. Carroll*, 2003 WL 22937779, *4 (D. Del.); *Flamer v.* State, 585 A.2d 736, 753 (Del. 1990). The time for filing a postconviction motion has not yet expired. Del. Super. Ct. Crim. R. 61(i)(1).[5] In addition, as explained, for example, by this Court in *Lecates v. Carroll*, 2003 WL 22937779, *4 (D. Del.), none of the other procedural bars in Criminal Rule 61(i) would apply to a claim of ineffective assistance raised by Hoffman. A fair reading of Criminal Rule 61 thus indicates that Hoffman can present his allegations of ineffective assistance to the state courts, and in the absence of a state court decision clearly foreclosing his return to the state courts, Hoffman has an available state remedy. *See Toulson*, 987 F.2d at 987-89. Because Hoffman has an available state remedy, resort to which is not clearly foreclosed, by which to present his claim of ineffective assistance, the claim is unexhausted. In turn, because Hoffman's claim of ineffective assistance is not exhausted, the petition must be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal

---

[5] Under the rule, a prisoner has one year from the time that his adjudication of a probation violation becomes final in which to file a state postconviction motion. Hoffman's June 8, 2006 violation of probation became final, for purposes of the rule, on July 10, 2006, when the time for filing a direct appeal to the state supreme court expired. DEL. SUPER. CT. CRIM. R. 61(m)(1). Thus, Hoffman has until July 2007 to move for state postconviction relief regarding that particular finding of a probation violation.

habeas petition should be dismissed if the petitioner has not exhausted state remedies as to any of his federal claims.").

Conclusion

Based upon the Superior Court docket sheets, it appears that transcripts of Hoffman's sentencing (May 30, 2003), first violation of probation hearing (September 2, 2004), fourth violation of probation hearing (June 8, 2006), and fifth violation of probation hearing (June 22, 2006) have been prepared. In the normal course of business, Hoffman's second and third violation of probation hearings (Feb. 10, 2005 and August 4, 2005) would have been recorded, but the transcript does not appear to have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without prejudice.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: December 1, 2006



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 2004392 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Briefs and Other Related Documents
Phillips v. KearneyD.Del.,2003.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Gregory S. PHILLIPS, Petitioner,
v.
Rick KEARNEY, Warden, and Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 02-1403-JJF.**

April 21, 2003.

Gregory S. Phillips, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for the Respondents.

*MEMORANDUM OPINION*
FARNAN, J.
*1 After finding that Petitioner Gregory S. Phillips violated the terms of his probation, the Delaware Superior Court revoked his probation and sentenced him to five years and nine months of Level V incarceration, to be suspended after successful completion of the Key Program for decreasing levels of supervision.[FN1] Petitioner, SBI # 282662 and a *pro se* litigant, is currently incarcerated at the Sussex Correctional Institution ("SCI") located in Georgetown, Delaware. Petitioner filed this petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 *in forma pauperis.* (D.I.1, 2.) Petitioner also filed a motion for the production of transcripts. (D.I.6.) For the reasons set forth below, the Court construes the Petitioner's Reply to be a motion for leave to amend the original habeas petition, and grants such motion. (D.I.19.) In addition, the Court will dismiss the Petitioner's amended habeas petition for failing to present a cognizable claim for federal habeas relief (D.I.19) and will deny the motion for the production of transcripts as moot (D.I.6).

> FN1. Upon completion of the Key Program, the Petitioner's sentence was to be suspended for one year of residential substance abuse treatment, followed by one year of Aftercare and eighteen months of Level III probation. *See Phillips v. State,* 790 A.2d 477 (Del.Sup.Ct.2002).

## I. FACTUAL AND PROCEDURAL HISTORY

On June 19, 1997, Petitioner Gregory S. Phillips pled guilty in the Delaware Superior Court to three of eleven charges for which he had been indicted: harassment, first degree reckless endangering, and possession of a deadly weapon by a person prohibited. (Del.Super .Ct.Crim.Dkt. 22.) The Superior Court sentenced him to eight and one half years in prison, suspended after a mandatory one year in prison for probation. (*Phillips v. State,* 790 A.2d 477 (D.I.41) (Del.2002).) Petitioner did not directly appeal this conviction.

On March 2, 2001, after a violation of probation hearing ("VOP hearing"), the Delaware Superior Court re-sentenced the Petitioner to five years and nine months in prison, suspended upon completion of the Key Program for decreasing levels of supervision. (Del.Super.Ct .Crim.Dkt. 55; *Phillips v. State,* 790 A.2d 477 (D.I. 41 at 4).) The Superior Court specified that the Petitioner was to be discharged as unimproved from his reckless endangerment probationary sentence.

The Petitioner timely filed in the Delaware Superior Court a motion to modify or reduce the March 2001 sentence. (Del.Super.Ct.Crim.Dkt.51.) The Superior Court denied the motion, and the Petitioner timely appealed. (*Id.* at 59,62.) After an evidentiary hearing in the Superior Court, the Petitioner proceeded *pro se* on appeal. (*Id.* at 71,73.) The Petitioner appealed the violation of probation sentencing on the following grounds: 1) his extradition to Delaware was improper; 2) he did not receive a copy of the warrant providing notice of the underlying violation; 3) his probation officer violated his civil rights; 4) his probation officer lied at the violation hearing and testimony was omitted from the transcript; 5) he did not receive proper credit for time served; 6) he was sentenced beyond state sentencing guidelines, and the sentencing judge had a closed mind; and 7) the Key Program is unconstitutional, the Superior Court violated his constitutional rights by sentencing him to the Key Program, and the Superior Court abused its discretion by sentencing him to the Key Program in the absence of any evidence of a substance abuse problem. (Del.Sup.Ct. D .I. 22 lines 8,9; D.I. 50 at 9,10.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 2004392 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

**\*2** On October 25, 2001, Petitioner filed a motion for post-conviction relief in the Delaware Superior Court. (Del.Super.Ct.Crim.Dkt.92.) The Superior Court denied this motion on November 11, 2001, because the Petitioner's appeal was still pending in the Delaware Supreme Court. (Del.Super.Ct.Crim.Dkt.93.)

On February 11, 2002, the Delaware Supreme Court affirmed the sentence imposed by the Delaware Superior Court. *Phillips v. State,* 790 A.2d 477 (Del.2002). Subsequently, on February 14, 2002, Petitioner filed a motion for post-conviction relief in the Delaware Superior Court. (Del.Super.Ct.Crim.Dkt 94.) The February 2002 motion for post-conviction relief challenged the sentence imposed in the March 2, 2001 VOP hearing on the following grounds: 1) the probation proceedings constituted double jeopardy; 2) the proceedings breached the original Rule 11 plea agreement; 3) the proceedings were illegal because the Petitioner was not serving all of the probation sentences on which he was re-sentenced; 4) the Court abused its discretion in sentencing because the Petitioner was not really guilty of the original offense; and 5) in general, there had been a miscarriage of justice. *State v. Phillips,* 2002 WL 524281, at \*1 (Del.Super.Ct. Mar. 4, 2002). The Superior Court denied the motion because the claims were procedurally barred.[FN2] *(Id.)*

> FN2. The Superior Court noted that all of these issues could have been raised at the VOP hearing or on the Petitioner's direct appeal to the Supreme Court. Because the Petitioner did not demonstrate either cause for relief or prejudice, the court denied the motion for post conviction relief. *Phillips,* 2002 WL 524281, at \*2.

On August 20, 2002 the Petitioner filed a petition for federal habeas corpus relief. (D.I.2.) The Respondents filed an answer on January 2, 2003, asking the Court to dismiss the petition because two claims are time barred, and all five claims are procedurally defaulted. (D.I.15.) On January 8, 2003, the Petitioner filed a Reply to the Respondent's Answer. (D.I.19.) In this reply, the Petitioner states that he waives all other claims and wishes to proceed on the due process violation "because of the Key only." (D .I. 19.)

## II. GOVERNING LEGAL PRINCIPLES

### A. Subject Matter Jurisdiction

A federal court may consider a habeas corpus petition filed by a state petitioner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order for a claim alleging constitutional violations to be cognizable under the federal habeas corpus statute, the petition must also challenge the fact or length of confinement and seek immediate or speedier release. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *see Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994). If the requested relief will result in shortening the time of actual confinement in prison, then the claim is properly brought as a federal habeas petition. *Preiser,* 411 U .S. at 487. Conversely, a prisoner's claim relating solely to a "State's alleged unconstitutional treatment of [petitioner] while in confinement" is properly brought pursuant to 42 U.S.C. § 1983 and not 28 U.S.C. § 2254. *Preiser,* 411 U.S. at 499; *Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir.2002) (citations omitted).

**\*3** There are situations, however, where a petitioner's claim might arguably be brought as either a § 2254 petition or a § 1983 action. *Leamer,* 288 F.3d at 541. For example, the petitioner might challenge both the conditions of confinement and the fact or length of confinement, *Preiser,* 411 U.S. at 499, and the deprivation of rights "necessarily impacts the fact or length or detention." *Leamer,* 288 F.3d at 541 (citations omitted). Although *Preiser* and its progeny dictates that this type of "overlapping" claim is cognizable only in federal habeas corpus, *Id.* at 499 n. 14; *Heck,* 512 U.S. at 481; *Leamer,* 288 F.3d at 540, a prisoner can simultaneously *separately* litigate a federal habeas claim and a § 1983 claim relating to the conditions of confinement. *Preiser,* 411 U.S. at 499 n.14 (emphasis added).

The initial question of whether a claim is appropriately pursued via the federal habeas statute or § 1983 depends upon whether the claim "truly lies 'at the intersection' " of both statutes. *Leamer,* 288 F.3d at 543 (quoting *DeWalt v. Carter,* 224 F.3d 607, 617 (7th Cir.2000)). According to the Third Circuit Court of Appeals, "[t]he operative test under *Preiser* and its progeny [for deciding that a claim should be brought pursuant to § 2254 rather than § 1983] is ... whether a favorable determination of [petitioner's] challenge would *necessarily imply* that he would serve a shorter sentence." *Leamer,* 288 F.3d at 543.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal habeas corpus relief is appropriate only if the claim falls "within the 'core of habeas' and require[s] sooner release if resolved in the plaintiff's favor." *Id.* at 544.

### B. Standards of Review under the AEDPA

Even if a federal court has subject matter jurisdiction over the federal habeas claim, the court cannot review the merits of the claim until the court determines that the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are satisfied. When the petitioner is in state custody pursuant to a state court judgment, and the federal habeas claim was adjudicated in state court on the merits, then a federal court cannot grant a writ of habeas corpus unless it finds that the state court decision either: (1) was contrary to clearly established federal law; or (2) involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

This restriction of § 2254(d) only applies to claims that have been "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). Consequently, if the state court did not reach the merits of the claim, then this standard does not apply on federal habeas review. *Jermyn v. Horn,* 266 F.3d 257, 299-300 (3d Cir.2001); *Appel,* 250 F.3d at 210. Rather, where a state court does not adjudicate a claim on the merits, a federal court " 'must examine, without special heed to the underlying state court decision,' whether the claim has merit." *Jermyn,* 226 F.3d at 300 (quoting *Appel,* 250 F.3d at 210).

**\*4** A federal habeas petitioner in state custody pursuant to a State court judgment must also satisfy the procedural requirements contained in the AEDPA. [FN3] The federal habeas statute states:

> FN3. Additionally, a federal habeas petition must be brought within the one-year period of limitations required by 28 U.S.C. 2244(d)(1).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Before seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

To "fairly present" a federal claim for purposes of exhaustion, a petitioner must present to the state's highest court a legal theory and facts that are "substantially equivalent" to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). It is not necessary for the petitioner to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307,312 (3d Cir.1980). Rather, a petitioner may assert a federal claim without explicitly referencing a specific constitutional provision by: (1) relying on pertinent federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in like fact situations; (3) asserting a claim in terms so particular

as to call in mind a specific right protected by the Constitution; or (4) alleging a pattern of facts that is well within the mainstream of constitutional litigation. *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999); *Evans,* 959 F.2d at 1231. Further, the state court does not have to actually consider or discuss the issues in the federal claim, provided that the petitioner did, in fact, present such issues to the court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

*5 Generally, a federal court will dismiss without prejudice unexhausted federal habeas claims in order to permit petitioners to exhaust their claims in state court. *Lines v. Larkins,* 208 F.3d 153, 159-160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001). When a habeas petition contains both exhausted and unexhausted claims (i.e., a mixed petition), the federal court must dismiss the entire petition for failure to exhaust state-created remedies. *Rose v. Lundy,* 455 U.S. 509, 510 (1982); *Lambert,* 134 F.3d at 513. However, a petitioner may choose to delete the unexhausted claims and proceed with the exhausted claims. *Rose,* 455 U.S. at 510; *see Reynolds v. Ellingsworth,* 843 F.2d 712, 724 n. 22 (3d Cir.). Pursuant to Federal Rule of Civil Procedure 15(a), the court has discretion in granting leave to amend a pleading after the filing of a responsive pleading, and such leave is to "be freely given when justice so requires." Fed.R.Civ.P. 15(a); *Werner v. Werner,* 267 F.3d 288, 296 (3d Cir.2001).

A petitioner's failure to exhaust state remedies will be excused if there is no available state remedy. *Lines,* 208 F.3d at 160; *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). However, even though these claims are treated as exhausted, they are procedurally defaulted. *Lines,* 208 F.3d at 160. A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice or a "fundamental miscarriage of justice." *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate "actual prejudice" by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial

with error of constitutional dimensions." *Id.* at 494. However, if the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Alternatively, a federal court may excuse procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a "miscarriage of justice," the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. A petitioner establishes "actual innocence" by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 523-24 (3d Cir. June 27, 2002).

### III. DISCUSSION

*6 In his original federal habeas petition, the Petitioner asserted the following claims:
(1) His guilty plea was involuntary because defense counsel failed to investigate his case by not consulting "any gun experts as to the range of a short barrel 12 gauge mosseburg with bird shot."
(2) He was sentenced for a violation of probation regarding the reckless endangering charge of which he was actually innocent.
(3) His sentence was illegal and violated due process because, in order for his sentence to be suspended, he was required to participate in the Key Program, which is "an abusive and unconstitutionally run program that utilizes inmates in almost complete authority over other inmates."
(4) The sentence imposed at the VOP hearing violated the plea agreement because he was serving probation concurrently for three sentences but the sentences were reimposed consecutively upon the violation of probation.
(5) The imposition of punishment for failing to participate in the Key Program constituted double jeopardy, and it lengthened the time of incarceration because he is being punished with "more years in prison and ten days isolation and eighty days loss of all privileges."

(D.I.2.)

The Respondents assert that claims one and two are

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 2004392 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

time barred by the one-year limitations period of 28 U.S.C. § 2244(d)(1) because they relate to the Petitioner's June 1997 guilty plea and sentence. Alternatively, they assert that all five claims are procedurally barred from federal habeas review because the Petitioner failed to present them to the Delaware Supreme Court. (D.I. 15 at 6-7.) Moreover, the Respondents succinctly allege that claim three does not state a cognizable claim for federal habeas relief because it does not challenge the fact or duration of confinement. (*Id.* at 6 n. 6.) They state that the Petitioner alleges only the prospect of supervision by other inmates in a drug rehabilitation program, and not that he is actually confined in violation of the laws or Constitution of the United States. (*Id.*)

In response to these assertions, the Petitioner filed a Reply stating that he waives all other claims and wishes to proceed on the due process violation "because of the Key only." (D.I.19.) Further, the Petitioner counters that he did address the "inmate in authority over other inmates" issue in his direct appeal to the Delaware Supreme Court, and that the Key Program is a "state created liberty which gives [him] due process rights because of the suspension of jail time upon successful completion." (*Id.*)

The Court construes the Petitioner's request in his Reply as a motion for leave to amend his original habeas petition. Hence, pursuant to Federal Rule of Civil Procedure 15(a), the Court, in its discretion, will grant the Petitioner's motion to amend his habeas petition by deleting all claims except claim three, the due process claim.[FN4] Consequently, the Respondent's assertion of procedural default (and time-bar) is moot with respect to the deleted claims.

> FN4. Because the Petitioner is proceeding *pro se,* the Court reads his submissions liberally in an effort to provide review of his claims to the fullest extent permissible under federal habeas law. Thus, the Court interprets the Petitioner's cryptic statement that he "wishes to proceed on the due process violation because of the Key only" to mean that he wishes to proceed with claim three. Moreover, even if he intended to include claim 5 regarding double jeopardy in this statement, this claim is unexhausted and procedurally defaulted.

*7 Normally, at this juncture, the Court would address the issues of exhaustion of state remedies and

procedural default. However, because the Respondents assert that the Court does not have subject matter jurisdiction, and an affirmative determination would render the procedural analysis unnecessary, the Court now turns to this issue.

In essence, the Petitioner asserts that the inclusion of the allegedly unconstitutional Key Program in the VOP sentence violated due process because failure to complete the program adversely affects the time in confinement. In other words, making the suspension of his sentence contingent upon completion of an allegedly unconstitutional treatment program violates due process because he believes that it increases his time in confinement. (D.I. 2 at 6.)

The Respondents assert that this federal habeas claim is not cognizable under the federal habeas statute because the Petitioner alleges only the prospect of supervision, and not that he is actually confined in violation of the laws or constitution of the United States. (D.I. 15 at 6 n. 6.) Although the Court agrees with the conclusion, it disagrees with the Respondent's reasoning. The Petitioner does, in fact, allege that his present confinement violates due process. (D.I.19.) Thus, on its face, this claim appears to sit within the "intersection" of the federal habeas statute and 42 U.S.C. § 1983 because it challenges the validity, length, and conditions of the sentence. *See Preiser,* 411 U.S. at 499.

Usually, the issue presented in an "overlapping" claim is whether a federal habeas corpus petition is the sole remedy. *Id.* However, in the present case, the Petitioner already has a § 1983 pending before this Court challenging the constitutionality of the Key Program itself.[FN5] Thus, the question here is not whether the Petitioner has properly chosen between the statutes, but rather, whether the due process claim apparently challenging both the fact and length of confinement does, in fact, affect the length of the sentence.[FN6]

> FN5. *Phillips v. Graves,* CA No. 01-516.

> FN6. Because the Petitioner has a separate § 1983 case pending in this Court, the issue of whether the Key Program is unconstitutional is better left to the determination of that claim.

Although the issue here is not whether habeas is the sole remedy available, the test presented in *Leamer* still provides guidance for determining whether the

Petitioner has presented a cognizable claim for federal habeas relief. The *Leamer* test is simple: if the federal habeas claim challenges the validity of the continued conviction or the fact or length of the sentence, and a favorable determination of the challenge would require sooner release, then a prison confinement case is properly brought under the federal habeas statute. *Leamer,* 288 F.3d at 543-44. Conversely, if a favorable decision on the challenge will not change the prisoner's release date, then the challenge is properly brought as a § 1983 case. *Id.*

What relief, then, does the Petitioner request? The present claim challenges the validity and length of his sentence based upon his placement in the Key Program. The crux of his arugment appears to rest on his *placement in and constitutionality of* the Key Program. Applying the *Leamer* test to the Petitioner's claim indicates that his placement in the Key Program does not lengthen his sentence. What the Petitioner fails to comprehend is that the Key Program is not a mandatory part of his sentence, *Clark v. Deshields,* 2001 WL 654960, at *1 (D.Del. Mar. 19, 2001), but rather, it is a pre-requisite for the *possibility* of reduced levels of incarceration.

*8 The Petitioner's classification to the Key Program is "within the normal limits or range of custody [his] conviction authorizes the state to impose." *See Mason v. Kearney,* 2002 WL 31207195, at *3 (D.Del. Sept. 26, 2002). [FN7] The Petitioner's incarceration while participating in the Key Program is still considered institutional confinement and therefore counts toward the original five year, nine month sentence. *Compare Gresham v. Intensive Supervision Program,* 1999 WL 771075, at *5 (D.N.J. Sept. 27, 1999) (where the ISP program at issue, a post-sentence, post-incarceration program was still regarded as institutional confinement and the time spent in the program still went towards completion of the original sentence). If the Petitioner fails to complete the Key Program, the only consequence is that he will have to serve the full *original* sentence of five years nine months in prison; he will not benefit from progressively reduced levels of supervision. As stated by the State in its Answering Brief to the Delaware Supreme Court, "[t]he maximum term of his sentence is not contingent on his completion of the drug program, only the level of supervision at which he serves that term." (*Phillips v. State,* 790 A.2d 477 (D.I. 41 at 13.)). Basically, the Petitioner's claim affects a *condition* of imprisonment, not the *length or validity.*

FN7. The State is authorized to require completion of the Key Program pursuant to its criminal statute, Del.Code Ann., tit. 11 § 4202(c)(8).

Once again, the Court notes that the Petitioner has a § 1983 case pending before this Court. Because the alleged due process violation does not affect the length of confinement, the Court concludes that the Petitioner's habeas petition does not state a claim cognizable under the federal habeas statute. Accordingly, the Court will dismiss the petition, and will deny as moot his motion for the production of transcripts.

### III. CERTIFICATE OF APPEALABILITY

The Court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the Court has determined that the Petitioner's claim does not warrant federal habeas relief. The Court is persuaded that reasonable jurists would not find this conclusion debatable or wrong. Thus, the Petitioner has failed to make a substantial showing of the denial of a constitutional right, and the Court will not issue a certificate of appealability. An appropriate Order will be entered.

### *ORDER*

For the reasons stated in the Court's Memorandum Opinion, IT IS HEREBY ORDERED THAT:

1. Petitioner Gregory S. Phillips' Reply (D.I.19.) is treated as a motion to amend his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2.), and so treated, is GRANTED.

*9 2. Petitioner's amended Petition for Writ of Habeas Corpus by a Person in State Custody (D.I.19.) Is DISMISSED, and the relief requested therein is DENIED.

2. Petitioner's Motion for the Production of Transcripts (D.I.6) is DENIED as moot.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 7
Not Reported in F.Supp.2d, 2003 WL 2004392 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

3. The Court declines to issue a certificate of
appealability for failure to satisfy the standard set
forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2003.
Phillips v. Kearney
Not Reported in F.Supp.2d, 2003 WL 2004392
(D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV01403 (Docket) (Aug. 20, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                Page 1
Not Reported in F.Supp.2d, 2006 WL 839399 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Boyd v. CarrollD.Del.,2006.Only the Westlaw
citation is currently available.
United States District Court,D. Delaware.
Richard BOYD, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ.A.04-1446 GMS.**

March 30, 2006.

Richard Boyd, petitioner, pro se.
Gregory E. Smith, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for respondent.

MEMORANDUM OPINION
SLEET, J.

I. INTRODUCTION

*1 Petitioner Richard H. Boyd ("Boyd") filed the
pending petition for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254. (D.I. 1; D .I. 2.) For the reasons
that follow, the court will dismiss his petition.

II. FACTUAL AND PROCEDURAL
BACKGROUND

On July 13, 1995, Boyd pled guilty to a variety of
drug and weapons charges. The Superior Court
sentenced him to a total of twelve (12) years of
imprisonment at Level V, suspended after ten (10)
years for two (2) years of decreasing levels of
supervision. *Boyd v. Garraghty,* 202 F.Supp.2d 322
(D.Del.2002). After his conviction, Boyd was placed
at the Delaware Correctional Center ("DCC") where
he remained until May 30, 1998. On that date, Boyd
was transferred to an out-of-state facility, and he
returned to the DCC on January 10, 2001. Boyd
remained at the DCC until July 22, 2002, when he
was transferred to the Plummer Center, a Level VI
work-release facility. On October 17, 2002, Boyd
was returned to Level V on an administrative warrant
and, on December 19, 2002, he was sent to the DCC,
where he remained until he was transferred to the
Sussex Correctional Institution ("SCI").

Boyd remained at the SCI until March 2004, when he
was transferred back to the DCC. On August 5, 2004,
Boyd started serving part of his Level IV time at
Level V, pending bed space availability at another
facility. Boyd remained at the DCC until November
17, 2004, at which time he was released to the
Central Violation of Probation Center ("CVOP"). He
remained at the CVOP until December 9, 2004. Boyd
was then transferred to the Sussex Halfway House,
where he remained until January 6, 2005, when he
was released to serve the probationary portion of his
sentence.

III. DISCUSSION

Boyd filed his habeas petition on November 12,
2004, while he was still serving the Level IV portion
of his sentence at Level V due to the lack of bed
space at another facility. The sole claim in Boyd's
petition asserts that he is being illegally detained at
Level V pending bed space availability at a work
release facility. The State contends that this claim
should be dismissed as moot or because it does not
present an issue cognizable on federal habeas review.

The United States Supreme Court has described two
broad categories of prisoner petitions: (1) § 2254
petitions that challenge the fact or duration of the
prisoner's confinement; and (2) § 1983 actions that
challenge the conditions of confinement. *Preiser v.
Rodriguez,* 411 U.S. 475, (1973). As explained by the
Court of Appeals for the Third Circuit:
whenever the challenge ultimately attacks the 'core
of habeas'-the validity of the continued conviction or
the fact or length of the sentence-a challenge,
however denominated and regardless of the relief
sought, must be brought by way of a habeas corpus
petition. Conversely, when the challenge is to a
condition of confinement such that a finding in
plaintiff's favor would not alter his sentence or undo
his conviction, an action under § 1983 is appropriate.

*2 *Leamer v. Fauver,* 288 F.3d 532, 542 (3d
Cir.2002).

Here, Boyd does not challenge his underlying
conviction, and a finding in his favor would not alter
his sentence or undo his conviction. Therefore, the
instant claim does not assert an issue cognizable on
federal habeas review. *See, e.g., Beckley v. Minor,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 256047 (3d Cir. Feb. 3, 2005)("where the relief sought 'would not alter [petitioner's] sentence or undo his conviction," ' a district court does not have habeas jurisdiction)(not precedential); *Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 462 (3d Cir.1996); *Oberly v. Kearney,* 2000 WL 1876439, *2 (D.Del. Dec. 15, 2000) (finding that a claim alleging petitioner is entitled to work release or home furlough is properly characterized as a § 1983 claim and not a § 2254 claim).

Nevertheless, there is caselaw suggesting that Boyd's claim can be construed as challenging the execution of his sentence, which is an issue cognizable on federal habeas review. *See Woodall v. Fed. Bur. of Prisons,* 432 F.3d 235, 241-44 (3d Cir.2005)(holding that federal prisoner's challenge to the BOP's regulations regarding placement in community confinement constituted a challenge regarding the execution of his sentence, properly brought under 28 U.S.C. § 2241.); *Lovett v. Carroll,* 2002 WL 1461730 (D. Del. June 27, 2002) (habeas petition challenging petitioner's continued detention at Level V custody, when sentencing order required him to be transferred to the boot camp program, construed as claim challenging the execution of his sentence); *Coady v. Vaughn,* 251 F.3d 480 (3d Cir.2001)(claim challenging execution of sentence properly presented under 28 U.S.C. § 2254). The record reveals that Boyd started to serve the Level III probationary portion of his sentence on November 17, 2004. Consequently, even if Boyd's claim regarding the failure to transfer him to Level IV confinement presents an issue cognizable on federal habeas review, the claim is now moot because the alleged unlawful execution of his sentence has ceased.[FN1] *See, e.g., Lovett,* 2002 WL 1461730, at *2 (once unlawful execution of sentence ceased, petitioner lacked standing to maintain the habeas action and the court dismissed his petition as moot).

> FN1. There are four circumstances in which a claim may not be dismissed as moot: (1) the dismissal of the claim will have collateral consequences for the petitioner; (2) the issue is a wrong that is capable of repetition yet evading review; (3) the respondent voluntarily ceases the alleged illegal practice but can resume it at any time; and (4) it is properly certified as a class action. *See Chong v. District Director, INS,* 264 F.3d 378, 384 (3d Cir.2001). However, none of these exceptions apply to Boyd's situation. First, the dismissal of the petition

will not have collateral consequences because it will not affect the release date for the sentence Boyd is currently serving. *Cf. DeFoy v. McCullough,* 393 F.3d 439, 442 (3d Cir.2005). The second exception would only apply if Boyd committed new crimes while on probation or otherwise violated the conditions of his probation, and then only if the Department of Correction were to hold him at a higher supervision level than authorized by an order from a Delaware court. The likelihood of this "repetition" is pure conjecture, and therefore, does not present an issue "capable of repetition, yet evading review." *See Weinstein v. Bradford,* 423 U.S. 147, 149 (1975); *Abdul-Akbar v. Watson,* 4 F.3d 195, 206-07 (3d Cir.1993)(holding that conjecture regarding a plaintiff's re-incarceration does not satisfy this narrow exception). The third exception does not apply because the State cannot re-incarcerate Boyd unless he violates the terms of his probation, which is an action within his own control. Finally, the last exception does not apply because the instant proceeding is not a class action.

Accordingly, the court will dismiss Boyd's petition because neither interpretation of the instant claim warrants federal habeas relief.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

*3 The court concludes that Boyd's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 839399 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

For the reasons stated, Boyd's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

### ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Richard Boyd's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 1; D.I. 2)

2. The court declines to issue a certificate of appealability.

D.Del.,2006.
Boyd v. Carroll
Not Reported in F.Supp.2d, 2006 WL 839399 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:04CV01446 (Docket) (Nov. 12, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy
Slip Copy, 2006 WL 572711 (D.Del.)
**(Cite as: Slip Copy)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Daniel A. WEBSTER, Petitioner,

v.

Rick KEARNEY, Warden, and M. Jane Brady, Attorney
General of the State of Delaware, Respondents.
**No. Civ. 04-361JJF.**

March 8, 2006.

Daniel A. Webster, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

### *MEMORANDUM OPINION*

FARNAN, J.

**\*1** Pending before the Court is an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner, Daniel A. Webster. (D.I.2.) For the reasons discussed, the Court will dismiss Petitioner's Fourth Amendment claim. As for his remaining claims, the Court concludes that Petitioner has presented a mixed Petition containing both exhausted and unexhausted claims. Because the AEDPA limitations period has expired during the pendency of the Petition in this Court and state court relief may still be available to Petitioner, the Court will provide Petitioner two alternatives: (1) Petitioner can provide the Court with evidence of good cause so the Court can determine whether a stay of the remaining claims is warranted to allow Petitioner an opportunity to pursue state remedies for his unexhausted claims, or (2) Petitioner can delete his unexhausted claims from the Petition and the Court will proceed with a review of the merits of his exhausted claim.

### I. BACKGROUND

In May 2003, a jury convicted Petitioner of stalking in violation of 11 Del. C. Ann. § 1312(A). The Delaware Superior Court sentenced Petitioner to three years imprisonment, with credit for 412 days previously served, followed by six months probation.

Prior to trial, Petitioner's counsel filed a motion requesting a court-ordered mental evaluation of Petitioner. The Superior Court granted the motion, but Petitioner refused to be examined unless his attorney was present. The Superior Court modified the order to clarify that the sole purpose of the examination was to determine Petitioner's competency to stand trial. Petitioner still refused to be examined. As a result, the Superior Court found that, by failing to cooperate, Petitioner waived both the issue of his competency to stand trial and any mental illness defense. The trial proceeded, and Petitioner did not testify or present any evidence regarding his mental state. After his conviction, Petitioner appealed to the Delaware Supreme Court arguing that he had been deprived of a possible mental illness defense because the State Hospital failed to evaluate his mental status, despite his refusal to cooperate with hospital personnel. The Delaware Supreme Court rejected Petitioner's claim and affirmed his conviction and sentence. *Webster v. State,* 2003 WL 23019195 (Del. Dec. 23, 2003).

Petitioner did not file a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61, but instead filed a Rule 35 motion for correction of illegal sentence. The Delaware Superior Court denied Petitioner's Rule 35 motion, and the Delaware Supreme Court affirmed. (D.I. 2, at ¶ 9.)

In June 2004, Petitioner filed the instant Petition for federal habeas relief. (D.I.2.) Respondent filed an Answer contending that Petitioner has presented the Court with a mixed Petition that must be dismissed to allow Petitioner to present his unexhausted claims to the Delaware state courts. (D.I.10.)

### II. GOVERNING LEGAL PRINCIPLES

#### A. *Exhaustion And Procedural Default*

**\*2** Before seeking habeas relief from a federal court, a petitioner in custody pursuant to a state court judgment must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy
Slip Copy, 2006 WL 572711 (D.Del.)
**(Cite as: Slip Copy)**

Page 2

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). To satisfy this requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

If a federal habeas claim was not fairly presented to the state courts, and further state court review is still available, that claim is not exhausted. Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. *Lines v. Larkins,* 208 F.3d 153, 159-60 (3d Cir.2000). However, it is possible for an unexhausted claim to be barred from further state court review due to state procedural rules. *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991). Such claims are considered to be procedurally defaulted, and the exhaustion requirement is excused. *See Slutzker v. Johnson,* 393 F.3d 373, 380 (3d Cir.2004)("[e]xhaustion is not required where pursuit of state remedies would be futile"). Federal habeas review of the merits of procedurally defaulted claims is precluded unless the petitioner can establish cause and prejudice for his procedural default, or that a miscarriage of justice will result if his claim is not reviewed on the merits. *See Coleman,* 501 U.S. at 745-46.

### B. *Mixed Petitions*

A petition containing both exhausted and unexhausted habeas claims is referred to as a mixed petition.[FN1] *See generally Rose v. Lundy,* 455 U.S. 509 (1982). A district court must dismiss a mixed petition in its entirety without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts, but only if the AEDPA's limitations period will not clearly foreclose a future collateral attack. *Rhines v. Weber,* -U.S.-, 125 S.Ct.

1528, 1533 (2005); *Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441, 2445 (2004); *Rose,* 455 U.S. at 510, 522; *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997).

> FN1. When a petition contains exhausted claims and procedurally defaulted claims, the petition is not considered a mixed petition. *Slutzker,* 393 F.3d at 380; *Toulson v. Beyer,* 987 F.2d 984, 987 (3d Cir.1993)(A "petition containing unexhausted but procedurally barred claims in addition to exhausted claims [ ] is not a mixed petition.").

**\*3** If a petitioner presents a district court with a mixed petition, but an "outright dismissal [of the petition] could jeopardize the timeliness of a [future] collateral attack," the district court has discretion to stay the habeas proceeding in order to enable the petitioner to return to state court and exhaust state remedies. *Rhines,* 125 S.Ct. at 1533 (holding that the situations in which a federal court has discretion to engage in the stay-and-abey procedure for mixed petitions are very limited); *compare with Crews v. Horn,* 360 F.3d 146, 154 (3d Cir.2004)(holding that "a stay is the only appropriate course of action" for a mixed petition "when an outright dismissal could jeopardize the timeliness of a collateral attack."). The stay-and-abey procedure is only appropriate if the district court determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines,* 125 S.Ct. at 1535.

### III. DISCUSSION

Petitioner asserts four grounds for relief in his Petition. Specifically, Petitioner contends that: (1) he was denied his Sixth Amendment right to effective assistance of counsel because counsel elected a mental illness defense and because the Superior Court denied his requests for substitute counsel; (2) he was convicted on the basis of evidence obtained by an illegal arrest; (3) his conviction violated the Double Jeopardy Clause; and (4) he was deprived of a mental illness defense because no doctor in private practice rendered an opinion as to his condition. (D.I.10.)

Respondents acknowledge that Petitioner presented his

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                                                            Page 3
Slip Copy, 2006 WL 572711 (D.Del.)
**(Cite as: Slip Copy)**

claim that he was deprived of a mental illness defense to the Delaware Supreme Court in his direct appeal. Thus, Petitioner has exhausted his state remedies with respect to this claim. *See Smith v. Digmon,* 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). However, Respondents contend that Petitioner did not exhaust state remedies for his remaining claims. Respondents contend that Petitioner can still pursue further state court review of his ineffective assistance of counsel claim, but they do not address the availability of further state court review of his other unexhausted claims. In addition, Respondents contend that Petitioner's Fourth Amendment claim, i.e. that evidence obtained from an unlawful arrest was improperly used to convict him, should be dismissed as not reviewable. Accordingly, the Court will examine each of Petitioner's remaining claims to determine (1) if dismissal of his Fourth Amendment claim is warranted, and (2) whether state remedies are still available to Petitioner for his remaining unexhausted claims.

A. *Whether Petitioner's Fourth Amendment Claim Is Cognizable On Federal Habeas Review*

Petitioner contends that his conviction was unlawful, because evidence obtained from an unlawful arrest was used against him during trial.[FN2] In *Stone v. Powell,* 428 U.S. 465 (1976), the United States Supreme Court addressed the availability of habeas relief for claims based on the Fourth Amendment. The Court concluded that a state prisoner may not be granted federal habeas relief on the grounds that evidence obtained in an unconstitutional search or seizure was introduced at trial "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim ..." *Id.* at 494. Under *Stone,* even if a petitioner did not actually litigate his claim in the state courts, federal habeas review is precluded so long as the failure to litigate was not due to some unconscionable breakdown in the state court process. *Boyd v. Mintz,* 631 F.2d 247, 250 (3d Cir.1980); *Hubbard v. Jeffes,* 653 F.2d 99, 103 (3d Cir.1981).

> FN2. For the reasons discussed *infra* with respect to Petitioner's double jeopardy claim, the Court also concludes that this claim is unexhausted; however, a stay of this claim is not warranted under *Rhines,* because the claim is plainly non-

meritorious.

**\*4** The Delaware state courts have a mechanism for the presentation of Fourth Amendment issues. Specifically, Rule 41 of the Delaware Superior Court Rules of Criminal Procedure authorizes a defendant to file a pre-trial motion to suppress evidence. In this case, Petitioner did not avail himself of Rule 41, and Petitioner has not alleged, and the Court cannot find, any evidence in the record indicating that Petitioner was denied the opportunity to present such a motion due to a structural defect in the state system. *See Marshall v. Hendricks,* 307 F.3d 36, 82 (3d Cir.2002). Accordingly, the Court concludes that Petitioner is precluded under *Stone* from seeking federal habeas review of his Fourth Amendment claim, and therefore, Petitioner's Fourth Amendment claim will be dismissed.

B. *Whether Petitioner's Remaining Claims Have Been Exhausted And Whether State Remedies Remain Available*

1. Ineffective assistance of counsel claim

Petitioner alleges that his counsel provided ineffective assistance because he elected to pursue a mental illness defense, and the Superior Court denied his requests for substitute counsel. In Delaware, ineffective assistance of counsel claims should be presented to the Superior Court in a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. *See, e.g., Russo v. Snyder,* 2000 WL 52158, at \*5 (D.Del. Jan. 6, 2000). Although Petitioner did not file a Rule 61 motion in the Delaware Superior Court, the Court concludes that such a motion would not be definitively precluded.[FN3] *See Younger v. State,* 580 A.2d 552, 554 (Del.1990); *McNeil v. Snyder,* 2002 WL 202100, at \*5 (D.Del. Feb. 8, 2002). A Rule 61 motion would not be time-barred because three years have not yet passed from the date on which Petitioner's conviction became final. Del.Super. Ct.Crim. R. 61(i)(1); *see Jackson v. State,* 654 A.2d 829, 833 (Del.1995).[FN4] Petitioner has not filed a previous motion under Rule 61, and therefore, the Court cannot conclude that such a motion would be barred under Rule 61(i)(2). *See* Del.Super. Ct.Crim. R. 61(i)(2); *Robinson v. State,* 562 A.2d 1184, 1185 (Del.1989). The Court is also not persuaded that a Rule 61 motion would be barred by Rule 61(i)(3), because that rule typically does not apply to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



ineffective assistance of counsel claims. *See State v. Mc-Cluskey,* 2000 WL 33114370, at *11 (Del.Super.Ct. Nov. 29, 2000); *Cobb v. State,* No. 362,1995 Order, at 7 (Del. Jan. 10, 1996). Further, the Court concludes that this claim was not formerly adjudicated, and therefore, it would not be barred by Rule 61(i)(4). *See* Del.Super. Ct.Crim. R. 61(i)(4). Accordingly, the Court concludes that Petitioner's claim of ineffective assistance of counsel has not been exhausted and state court review is not definitively precluded.

> FN3. In his form habeas Petition, Petitioner states that he filed a motion for correction of illegal sentence. (D.I. 2 at ¶ 11.) Although the state court records do not contain a copy of Petitioner's motion, the Court concludes that such a motion would have no impact on the Court's exhaustion analysis for either his ineffective assistance claim or his double jeopardy claim. *See Brittingham v. State,* 705 A.2d 577, 579 (Del.1998)("The narrow function of Rule 35 is to permit correction of an illegal sentence, not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence.")(internal citation omitted).

> FN4. For relevant purposes, Petitioner's conviction became final on December 23, 2003, the date the Delaware Supreme Court issued its mandate. Del.Super. Ct.Crim. R. 61(m)(2). Petitioner is well within the three year time period for filing a post-conviction motion.

### 2. Double jeopardy claim

Petitioner also raises a claim that his conviction violates double jeopardy. Although Petitioner failed to raise this claim on direct appeal or in a Rule 61 post-conviction proceeding, the Court concludes that Petitioner is not definitely precluded from filing a post-conviction motion in state court. In reaching this conclusion, the Court acknowledges that Petitioner may be precluded from filing a Rule 61 motion under Rule 61(i)(3) because he failed to raise this claim on direct appeal; however, Petitioner may overcome this procedural bar demonstrating cause and prejudice. Accordingly, the Court concludes that Petitioner's double jeopardy claim has not been exhausted, and state court review is not

definitively precluded.

### C. Whether A Stay Of The Petition Is Warranted

**\*5** Because Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims, the Court must determine whether it is appropriate to dismiss the Petition to allow Petitioner to pursue his available state remedies or whether a stay of the Petition is warranted. In making this determination, the Court observes that, during the pendency of his Petition in this Court, the AEDPA's limitation period has expired.[FN5] As a result, if the Court were to dismiss the Petition without prejudice in order to give Petitioner an opportunity to exhaust state remedies for his unexhausted claims, Petitioner would be precluded from filing a new federal habeas petition due to the expiration of the AEDPA's limitations period. In these circumstances, the Court has discretion to determine whether it should stay the instant habeas proceeding to afford Petitioner an opportunity to present his unexhausted claims to the Delaware state courts. *Rhines,* 125 S.Ct. at 1533-35.

> FN5. The Delaware Supreme Court affirmed Petitioner's conviction and sentence in December 2003. His conviction became final ninety days thereafter, in March 2004. Accordingly, the Court concludes that the AEDPA's one-year limitations period expired in the Spring of 2005.

A stay is warranted if the Court determines that Petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 1535. Liberally construing Petitioner's allegations at this stage of the proceedings, the Court cannot conclude that his unexhausted claims are clearly non-meritorious. Further, the Court cannot conclude at this juncture that Petitioner engaged in dilatory litigation tactics by failing to exhaust his state remedies. Petitioner filed a direct appeal and a Rule 35 motion to correct his sentence. His direct appeal was decided in December 2003, and he filed the instant habeas application in June 2004. Given his prior attempts to obtain state court relief and the relatively short six month period between these attempts and his decision to seek federal habeas review, the Court cannot conclude that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy
Slip Copy, 2006 WL 572711 (D.Del.)
(Cite as: Slip Copy)

Page 5

Petitioner's failure to exhaust state remedies was dilatory in nature. *See Rhines,* 125 S.Ct. at 1535.

As for the good cause requirement, however, the Court has insufficient information at this juncture to make a determination as to whether Petitioner has established good cause. Petitioner does not allege, and the Court cannot discern, any cause for Petitioner's failure to exhaust his state remedies with respect to his ineffective assistance and double jeopardy claims; however, courts have afforded petitioners in similar circumstances an opportunity to demonstrate whether they had good cause for failing to exhaust their state remedies. *See e.g. Shaeib v. Berghuis,* 2005 WL 3337759 (W.D.Mich. Dec. 8, 2005); *Bryant v. Greiner,* 2005 WL 3071476 (S.D.N.Y. Nov. 15, 2005). Further, the Court notes that the statute of limitations had not expired at the time that the State filed its Answer, and the Court has raised this issue *sua sponte.* Accordingly, the Court will provide Petitioner with the opportunity to supplement his Petition with information related to the issue of good cause so the Court can determine whether a stay of the Petition is warranted.

*6 In the alternative, however, Petitioner may wish to delete his unexhausted claims and proceed with his exhausted claim. *Rhines,* 125 S.Ct. at 1535. If Petitioner chooses this option, he should be aware that he will be precluded from obtaining federal habeas review of the deleted claims at a later date. *See* 28 U.S.C. § 2244.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Third Circuit Local Appellate Rule 22.2, the Court must determine whether to issue a certificate of appealability. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In this case, the Court is not persuaded that reasonable jurists would debate the correctness of the Court's decision to dismiss his search and seizure claim and provide Petitioner with an opportunity to show good cause to justify a stay of

his remaining claims. Accordingly, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and therefore, the Court declines to issue a Certificate of Appealability.

## VI. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Fourth Amendment claim because it fails to provide a proper basis for federal habeas relief. Because the Petition contains both exhausted and unexhausted claims, and the AEDPA's limitations period has expired, the Court will provide Petitioner with an opportunity to inform the Court as to whether he had good cause for his failure to exhaust state remedies so that the Court can determine whether it should stay the Petition under *Rhines* or dismiss it as a mixed Petition under *Rose.* Petitioner should be aware that if good cause is not demonstrated and the Petition is dismissed under *Rose,* Petitioner may be unable to seek federal habeas review of any of his claims, because any later refiling of his Petition may be barred by the AEDPA limitations period.

In the alternative, the Court will also provide Petitioner with the opportunity to delete his unexhausted claims for ineffective assistance of counsel and double jeopardy and proceed with his exhausted claim related to the alleged deprivation of his mental illness defense. If Petitioner chooses this course of action, he should be aware that, by deleting his unexhausted claims, he may be unable to obtain federal habeas review of those claims at any future point in time. *See* 28 U.S.C. § 2244.

An appropriate Order will be entered.

### ORDER

At Wilmington, this *8* day of March 2006, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Petitioner Daniel A. Webster's claim based on the Fourth Amendment is *DISMISSED* for failing to present an issue cognizable on federal habeas review. (D.I. 2, at ¶ 12(b).)

*7 2. Not later than March 30, 2006, Petitioner Daniel A.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Webster shall either: (1) inform the Court in writing that he intends to delete the unexhausted claims for ineffective assistance of counsel and double jeopardy from his Petition and proceed only with his exhausted claim related to his mental illness defense; or (2) file a Memorandum addressing whether he had good cause for his failure to exhaust his claims for ineffective assistance of counsel and double jeopardy so that the Court can determine whether a stay of the Petition is warranted to allow Petitioner an opportunity to present these claims to the Delaware state courts.

3. If Petitioner fails to comply with either alternative, the Court will presume that Petitioner did not have good cause for his failure to exhaust state court remedies for his unexhausted claims and dismiss the Petition in its entirety as a mixed Petition.

4. Because Petitioner has failed to make a "substantial showing of the denial of a constitutional right," the Court declines to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2).

D.Del.,2006.
Webster v. Kearney
Slip Copy, 2006 WL 572711 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:04cv00361 (Docket) (Jun. 07, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                            Page 1
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Martin W. LECATES, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ.A. 02-1567-JJF.**

Sept. 29, 2003.

Martin W. Lecates, Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

*MEMORANDUM OPINION*

FARNAN, J.

### I. INTRODUCTION

*1 Petitioner Martin W. Lecates is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.s 4, 11.) For the reasons that follow, unless Petitioner voluntarily dismisses his unexhausted claims, the Court will dismiss the entire petition without prejudice for failure to exhaust state remedies.

### II. BACKGROUND

In December 2001, Petitioner was indicted for second degree rape and second degree sexual contact. On July 28, 2002, Petitioner pled guilty to one count of second degree rape. He was sentenced to twenty years imprisonment, to be suspended after ten years imprisonment, and then ten years combined home confinement and probation.

Petitioner appealed his sentence, asserting one claim that his counsel's ineffective assistance of counsel led to an involuntary plea and one claim for police misconduct. The Delaware Supreme Court affirmed his conviction. *Lecates v. State,* No. 478,2002 (Del. Mar. 4, 2003).

While the appeal was pending, Petitioner filed several Rule

61 motions for post-conviction relief. The Superior Court rejected the motions without prejudice because they were premature.

On October 28, 2002 and November 13, 2002, Petitioner filed two substantially similar habeas petitions, which the Court will regard as one all-inclusive petition.[FN1] (D.I.s 4, 11.) He appears to assert two claims for ineffective assistance of counsel and two claims regarding the police investigation. (*Id.*) Respondent contends that the ineffective assistance of counsel claims are unexhausted, and therefore, requests the Court to dismiss this mixed habeas petition. Respondent also asserts that Petitioner's police investigation claims do not provide a basis for federal habeas relief under 28 U.S.C. § 2254(d)(1). (D.I.16.)

> FN1. Petitioner filed an original federal habeas petition on October 28, 2002. (D.I.4.) At the same time, he filed the AEDPA election form indicating that he wanted to withdraw his § 2254 petition to file one all-inclusive petition in the future. *Id.* Then, on November 13, 2002, Petitioner filed a document titled "Motion for PostConviction Relief" with a heading for the Delaware Superior Court. (D.I.11.) In any event, the substance of both "petitions" is the same. (D.I.s 4, 11.)

### III. GOVERNING LEGAL PRINCIPLES

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a court can reach the merits of a habeas petition, the court must first determine whether the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are satisfied. The federal habeas statute states:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts,* 228 F.3d at 192.

**\*2** To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner "fairly presents" a federal claim for purposes of exhaustion by presenting to the state's highest court a legal theory and facts that are "substantially equivalent" to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at \*2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). It is not necessary for the petitioner to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307, 312 (3d Cir.1980). Fair presentation also requires raising the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). The state courts do not have to actually consider or discuss the issues in the federal claim, provided that the petitioner did, in fact, present

such issues to the court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

If a petitioner failed to exhaust state remedies and state procedural rules preclude further relief in the state courts, the exhaustion requirement is deemed satisfied because there is no available state remedy. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). However, even though these claims are treated as exhausted, they are still procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but, once again, procedurally defaulted. *Harris v.. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or a fundamental miscarriage of justice. *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. However, if the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

**\*3** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 Westlaw.

Not Reported in F.Supp.2d                                                    Page 3
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

at 496. A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002). The miscarriage of justice exception applies only in extraordinary circumstances and is appropriate only when actual innocence is established, rather than legal innocence. *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992).

### IV. DISCUSSION

In his habeas petition, Petitioner raises the following claims for relief:

(1) His attorney provided ineffective assistance of counsel because she did not discuss the rape case with him

(2) The police investigation led to two different charges and the deputy attorney general did not address this issue

(3) The police officer investigating the rape claim did not read Petitioner his Miranda rights and also coerced the victim

(4) His attorney did not adequately investigate the charges

Respondent argues that Petitioner did not fairly present the ineffective assistance of counsel claims to the Delaware Supreme Court. As a result, the ineffective assistance of counsels claim are unexhausted. Respondent argues that the Court must dismiss this mixed petition unless Petitioner voluntarily dismisses the unexhausted claims. Respondent further asserts that the police misconduct claims do not provide a basis for federal habeas relief under 2254(d)(1).

The Court agrees with Respondent's assertion that Petitioner did not exhaust state remedies with respect to the ineffective assistance of counsel claims. In Delaware, it is well-settled that an ineffective assistance of counsel claim must first be raised in a post-conviction motion pursuant to Superior Court Criminal Rule 61. *Kendall v. Attorney General of Delaware,* 2002 WL 531221, at *4 n .2 (D.Del. Mar. 26, 2002). Claims alleging ineffective assistance of counsel will not be considered on direct appeal for the first time. *See, e.g., Duross v. State,* 494 A.2d 1265, 1267 (Del.1985); *Wright v. State,* 633 A.2d 329, 336 n. 14 (Del.1993).

By presenting these claims to the state supreme court on direct appeal, Petitioner did not utilize the correct procedural device permitting the Delaware courts to consider the ineffective assistance of counsel claims on the merits. *See Dickens v. Redman,* C.A. No. 91-90-SLR, at 8 (D.Del. Jan. 11, 1993). Indeed, the Delaware Supreme Court even stated that it could not consider the ineffective assistance of counsel claim for the first time on direct appeal. *Lecates,* No. 478,2002 at ¶ 5. As such, Petitioner did not exhaust state remedies with respect to these claims.

**\*4** According to Respondent, Petitioner may return to state court and raise the ineffective assistance of counsel claims in a Rule 61 post-conviction motion. (D.I.16.) Respondent contends that although the Delaware Supreme Court stated that it would not consider the claim of ineffective assistance of counsel for the first time on direct appeal, this statement does not foreclose Petitioner's return to state courts. *O'Halloran v. Ryan,* 835 F.2d 506, 509 (3d Cir.1987) (the state supreme court "did not remand for a hearing, nor did it hold that the claim of ineffective assistance of counsel had been waived, nor did it preclude further consideration of the matter); *Toulson v. Beyer,* 987 F.2d 984, 987-89 (3d Cir.1993).

The Court agrees with Respondent's assertion that Petitioner may present his ineffective assistance of counsel claims to the Superior Court in a Rule 61 motion. Although Rule 61 imposes several procedural hurdles that must be satisfied before a state court will consider the merits of a petitioner's claim, none of the bars apply in the present situation. *See* Super. Ct. R.Crim. P. 61(i); *Younger v. State,* 580 A.2d 552, 554 (Del.1990). First, the time for filing a post-conviction motion has not yet expired. Super. Ct. R.Crim. P. 61(i)(1). Second, these claims were not previously litigated, and thus, they are not barred by Rule 61(i)(4). Further, Rule 61(i)(2) does not bar further review because Petitioner has not yet asserted an appropriately filed post-conviction motion. Finally, Rule 61(i)(3) does not preclude further state relief because the appropriate method for raising an ineffective assistance of counsel claim is in a post-conviction proceeding, not in the proceeding leading up to the final judgment. *See Kendall,* 2002 WL 531221, at *4, n. 2 In short, because Petitioner has an available state remedy, he must exhaust this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                    Page 4
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

remedy before seeking federal habeas relief.

Respondent also contends that Petitioner has exhausted state remedies with respect to the police misconduct claims. If true, then Petitioner has presented this Court with a petition containing both exhausted and unexhausted claims ("mixed petition"). The Third Circuit requires a mixed petition to be dismissed without prejudice in order to permit the petitioner to exhaust state remedies. *See Rose v. Lundy,* 455 U.S. 509, 522 (1982); *Christy v. Horn,* 115 F.3d 201, 206, 207 (3d Cir.1997); *see also Brockenbrough v. Snyder,* 890 F.Supp. 342 (D.Del.1995)(where petitioner has not exhausted state remedies, a federal court may dismiss without prejudice in order to permit petitioner an opportunity to re-file his habeas petition after he exhausts available state remedies). Thus, the Court must now determine if Petitioner has, indeed, presented the Court with a mixed petition.

A thorough review of the record reveals that Petitioner did present his police misconduct claims to the Delaware Supreme Court in his direct appeal, thereby exhausting state remedies with respect to these claims. (D.I. 18, Appellant's Op. Br. in *Lecates v. State,* No.478,2002); *Lecates,* No. 478,2002, at ¶ 3. As a result, Petitioner has presented the Court with a mixed petition. Consequently, unless Petitioner decides to dismiss the unexhausted claims, the Court must dismiss the entire petition to permit Petitioner to return to the state courts to exhaust state remedies. *McMahon v. Fulcomer,* 821 F.2d 934, 940 (3d Cir.1987).[FN2]

> FN2. The Court acknowledges Respondent's argument that Petitioner's claims of police misconduct do not provide federal habeas relief under 28 U.S.C. § 2254(d). (D.I. 16 at ¶ 4.) Unfortunately, because the Court is required to dismiss this mixed petition at this point in time, the Court cannot address this contention.

**\*5** Before concluding, the Court must note the ramifications of either course of action. If Petitioner does decide to voluntarily dismiss the two unexhausted claims, those claims may thereafter be barred by the one-year time period for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). If, however, Petitioner does not voluntarily dismiss the two unexhausted claims, and the Court dismisses the entire petition

without prejudice, then all of the claims may thereafter be barred by the one-year filing period. *Id.* Thus, Petitioner must consider the effect of the one-year time period before responding to the Court.

### V. Certificate of Appealability

Finally, the Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Moreover, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

For the reasons stated above, the Court concludes that Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims. As a result, unless Petitioner voluntarily deletes the unexhausted claims, the Court must dismiss the entire petition without prejudice. Reasonable jurists would not find these conclusions unreasonable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### VI. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner has presented a mixed petition containing both exhausted and unexhausted claims. As such, unless Petitioner volun-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                    Page 5
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

tarily dismisses his unexhausted ineffective assistance of counsel claims, Petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 must be dismissed without prejudice. Therefore, the Court will grant Petitioner twenty days to provide the Court with a written statement indicating whether he wishes to delete the unexhausted claims from his pending habeas petition. If Petitioner fails to inform the Court within the prescribed time period, the Court will dismiss without prejudice the petition in its entirety. Furthermore, the Court finds no basis for the issuance of a certificate of appealabilty. An appropriate order shall issue.

ORDER

*6 For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Martin W. Lecates must inform the Court in writing within twenty days of the issuing date of this Memorandum Opinion if he wishes to voluntarily dismiss the unexhausted claims regarding ineffective assistance of counsel.

2. If the Court does not receive Petitioner's written statement within twenty days, then Petitioner Martin W. Lecates' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.s 4, 11.) will be DISMISSED without prejudice.

3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

D.Del.,2003.
Lecates v. Carroll
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV01567 (Docket) (Oct. 22, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on December 1, 2006, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

Michael Kevin Hoffman
SBI No. 426044
Sussex Correctional Institute
P.O. Box 500
Georgetown, DE 19947

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us