IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL KEVIN HOFFMAN,                :
                                      :
              Petitioner,             :
                                      :
      v.                              :    Civ. Act. No. 06-473-JJF
                                      :
THOMAS CARROLL, Warden, and JOSEPH    :
R. BIDEN, III, Attorney General       :
of the State of Delaware,             :
                                      :
              Respondents.[1]         :

_____

Michael Kevin Hoffman.   Pro se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.   Attorney for
Respondent.

_____


**MEMORANDUM OPINION**


June 13, 2007
Wilmington, Delaware

_____

[1]Petitioner was transferred to the Delaware Correctional
Center, therefore, Thomas Carroll has been substituted for Warden
Vince Bianco, an original party to this case.  Additionally,
Attorney General Joseph R. Biden, III assumed office in January,
2007, replacing former Attorney General Carl C. Danberg, an
original party to this case.  See Fed. R. Civ. P. 25(d)(1).

Farnan, District Judge

Pending before the Court is an Application For A Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by
Petitioner Michael Kevin Hoffman ("Petitioner").  (D.I. 1.)  For
the reasons discussed, the Court will dismiss the Petition
without prejudice.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted on one charge of sexual solicitation
of a child in February 2000.  In August 2001, Petitioner entered
a guilty plea and, following a pre-sentence investigation, the
Superior Court sentenced Petitioner in May 2003 to five years of
incarceration at Level V, suspended after one year for four years
of Level IV home confinement, suspended in turn after six months
for the balance to be served at Level III supervision.
Petitioner did not appeal his conviction or sentence.  (D.I. 19.)

Petitioner started to serve the Level IV portion of his
sentence in April 2004, but he was arrested soon thereafter in
July 2004.  After holding a hearing in September 2004 and finding
Petitioner in violation of his Level IV probation, the Superior
Court re-sentenced Petitioner to two years of incarceration at
Level V, suspended after six months for one year and six months
at Level IV home confinement, suspended after six months for one
year of Level III supervision.  Petitioner appealed, but later
voluntarily withdrew that appeal.  (D.I. 19.)

1

Petitioner violated the terms of his probation on four additional occasions: February 2005, August 2005, June 2006, and November 2006.  Petitioner filed three state habeas petitions and six motions for modification of sentence in the Superior Court concerning his various violation of probation proceedings and the sentences rendered therein.  The Superior Court denied all of Petitioner's petitions and motions, but Petitioner only filed two appeals regarding these denials.  First, Petitioner appealed the Superior Court's January 4, 2005 denial of Petitioner's second habeas petition, which the Delaware Supreme Court dismissed on January 11, 2005.  Second, Petitioner appealed the Superior Court's July 20, 2006 denial of Petitioner's third habeas petition, but he voluntarily withdrew that appeal in October 2006.  See generally (D.I. 19, Del. Super. Ct. Docket)

In January 2005, Petitioner filed a petition for habeas corpus in the Delaware Supreme Court.  The Delaware Supreme Court denied the petition for lack of original jurisdiction.  In re Petition of Hoffman, 867 A.2d 902 (Table), 2005 WL 351136 (Del. Jan. 11, 2005)

Petitioner filed the instant Petition in August, 2006. (D.I. 2.)  The State filed an Answer, asserting that the Petition should be dismissed without prejudice.  (D.I. 15.)

## II.  GOVERNING LEGAL PRINCIPLES

### A.  Mootness

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Additionally, pursuant to Article III of the Constitution, federal courts only have jurisdiction to decide an issue if it presents a live case or controversy throughout all stages of litigation.  North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question");  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990);  United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation).  An incarcerated petitioner's challenge to the validity of his conviction satisfies Article III's case-or-controversy requirement.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  However, when a petitioner challenges the execution of his sentence rather than the legality of his state conviction, the petitioner only satisfies Article III's "actual controversy" requirement by demonstrating continuing collateral consequences stemming from the illegal execution that are "likely to be redressed by a favorable judicial decision."  Id. at 7, 13-14.

3

### B.  Exhaustion

Absent exceptional circumstances, a federal court cannot review a habeas petition on the merits unless the petitioner has exhausted his remedies under state law.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999);  Picard v. Connor, 404 U.S. 270, 275 (1971).  A petitioner satisfies the exhaustion requirement by presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding.  O'Sullivan, 526 U.S. at 844-45;  See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts.  Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

### III.  DISCUSSION

Petitioner asserts three grounds for relief: (1) the Department of Correction failed to place Petitioner at work release in a timely manner; (2) the probationary term of Petitioner's sentence does not comply with Delaware Senate Bill 50; and (3) defense counsel provided ineffective assistance by trying to have Petitioner placed in an inpatient treatment program, and also because counsel was operating under a conflict of interest during the violation of probation hearing in June 2006 due to counsel's personal friendship with the sentencing

4

judge.[2]  (D.I. 1, at 6-9.)

**A.  Claim One: Delay of Work Release Status**

Petitioner contends that the Delaware Department of
Correction has deprived him of life and liberty without due
process by failing to transfer him to Level IV work release in
Sussex County as required by the Superior Court's "Modified
Violation of Probation Sentence Order" issued on June 22, 2006.
See (D.I. 19, "Modified Violation of Probation Sentence Order" in
State v. Hoffman, Crim. Act. No. VN00-01-0272-05.)  As an initial
matter, the Court notes that Claim One is not cognizable on
federal habeas review because the claim challenges the conditions
of Petitioner's confinement, and should therefore be asserted
pursuant to 42 U.S.C. § 1983 rather than § 2254.  See Boyd v.
Carroll, 2006 WL 839399, at *1-2 (D. Del. Mar. 20,
2006)(collecting cases);  Oberly v. Kearney, 2000 WL 1876439, at
*2 and n.8 (D. Del. Dec. 15, 2000)(holding that a state
prisoner's claim that he is entitled to work release or home
furlough raises a conditions claim that should be brought
pursuant to § 1983).

However, even if the Court construes Claim One as
challenging the execution of Petitioner's sentence, thereby

---

[2]The Court has re-numbered Petitioner's three claims without
changing the substance contained therein.

presenting an issue cognizable on habeas review,[3] the Court

concludes that it lacks jurisdiction to review the claim because

it is moot.  The record reveals that Petitioner was transferred

to the Sussex Work Release Center a few days after he filed the

pending Petition.[4]  Upon such transfer, the alleged unlawful

execution of sentence of which Petitioner complains ceased, and

Petitioner has not demonstrated any continuing collateral

consequences stemming from the delay in his work release status

sufficient to meet the "actual controversy" requirement of

Article III.  Therefore, the Court lacks authority to review

Claim One because it has either been improperly asserted pursuant

to § 2254 or because it is moot.

---

[3]There is case law suggesting that Petitioner's claim could
be construed as challenging the execution of his sentence. See
Woodall v. Fed. Bur. of Prisons, 432 F.3d 235, 241-44 (3d Cir.
2005)(holding that federal prisoner's challenge to the BOP's
regulations regarding placement in community confinement
constituted a challenge regarding the execution of his sentence,
properly brought under 28 U.S.C. § 2241.); Lovett v. Carroll,
2002 WL 1461730 (D. Del. June 27, 2002)(habeas petition
challenging state prisoner's continued detention at Level V
custody, when sentencing order required him to be transferred to
the boot camp program, construed as claim challenging the
execution of his sentence); Coady v. Vaughn, 251 F.3d 480 (3d
Cir. 2001)(state prisoner's claim challenging execution of
sentence properly presented under 28 U.S.C. § 2254).

[4]Petitioner filed his Petition on August 2, 2006.
Thereafter, Petitioner filed a letter dated August 10, 2006
notifying the Court of his new address because he had been
transferred to the Sussex Work Release Center.  (D.I. 2.)

**B.  Claim Two: Excessive Probationary Term Under Senate Bill 50**

In his second claim, Petitioner contends that his probationary term is excessive and does not comply with Delaware Senate Bill 50, which was enacted in June 2003 and amended Del. Code Ann. tit. 11, § 4333 to limit certain probationary sentences imposed after June 1, 2003.  See McCray v. State, 2007 WL 912118 (Del. Mar. 27, 2007).  As amended, § 4333 generally permits only one year of probation (Level III or below), subject to certain exceptions.  See generally Del. Code Ann. tit. 11, § 4333.

Petitioner was originally sentenced on May 30, 2003 to five years imprisonment at Level V, suspended after one year for four years at Level IV home confinement, suspended in turn after six months for the balance (thirty months) at Level III supervision. The sentences imposed by the Superior Court for Petitioner's violations of probation in September 2004, March 2005, and August 2005 each required, inter alia, that he serve one year of Level III probation.  The Superior Court sentenced Petitioner for another violation of probation on June 8, 2006, and although that Order did not impose any Level III probation, the Superior Court issued a Modified Sentence Order on June 22, 2006 which did impose eighteen months at Level III.  Finally, on November 9, 2006, after a hearing, the Superior Court found Petitioner in violation of the terms of his probation again, and sentenced Petitioner to nine months at Level V, with no probation to

7

follow.  Petitioner is still serving the sentence imposed on November 9, 2006.

It is well-settled that the legality of a state sentence is an issue of state law that is not cognizable on federal habeas review absent an argument that the sentence constitutes cruel or unusual punishment under the Eighth Amendment or that it is arbitrary or otherwise in violation of due process.  See Chapman v. United States, 500 U.S. 453, 465 (1991);  Estelle v. McGuire, 502 U.S. 62 (1991).  Petitioner's brief statement for Claim Two merely states that the "probationary term is excessive which does not comply with the Senate Bill 50." (D.I. 1.)  Accordingly, the Court will deny Claim Two because it fails to assert a federal or constitutional claim.[5]

Nevertheless, even if the Court construes Claim Two as raising a federal claim regarding Petitioner's sentencing, the Court must deny the claim as moot.  To the extent Petitioner is challenging the term of Level III probation imposed by his original May 30, 2003 sentence, that thirty-month term of Level III probation ceased to exist in September 2004 when the Superior

---

[5]It is unclear whether Petitioner is challenging the original sentence imposed on May 30, 2003, for his sexual solicitation conviction because the sentence included more than a year of Level III probation, or whether Petitioner is challenging the sentence imposed on June 22, 2006, for his violation of probation because the sentence included eighteen months of Level III probation.  However, because both arguments assert only a state law error, the distinction is irrelevant to the Court's analysis at this point in the proceeding.

Court issued its sentence for Petitioner's first violation of probation. Similarly, to the extent Petitioner is challenging the eighteen months of Level III probation imposed by the Superior Court on June 22, 2006 for Petitioner's fourth violation of probation, that sentence ceased to exist in November 2006 when Petitioner was sentenced for his fifth violation of probation to nine months of incarceration at Level V. Therefore, because Petitioner is presently serving the sentence imposed by the Superior Court in November 2006, which includes no Level III probation time, and Petitioner never actually started to serve the Level III probation imposed by either the May 30, 2003 sentence or the June 22, 2006 sentence,[6] there is no continuing case or controversy for the Court to consider.

### C.  Claim Three: Ineffective Assistance of Counsel

In his final claim, Petitioner contends that counsel provided ineffective assistance by trying to place Petitioner in an inpatient program during an unspecified proceeding and that counsel was operating under a conflict of interest during the violation of probation proceedings that took place in June 2006, because counsel was a personal friend of the sentencing judge.

---

[6]For example, with respect to his original May 30, 2003 sentence, Petitioner had only served approximately two and one-half months out of the thirty months of Level IV home confinement imposed when he was arrested in July 2004. As for the June 22, 2006 sentence, Petitioner had served approximately three or four months of the two years of Level IV work release imposed when he was arrested in October 2006.

Petitioner has never presented these issues to the Delaware

Supreme Court, therefore, he has not exhausted state remedies for

this claim.[7]  The Court concurs with the State's assertion that

Petitioner can still exhaust state remedies by raising this claim

to the Superior Court in a Rule 61 motion and appealing any

decision therefrom to the Delaware Supreme Court.[8]  Therefore,

---

[7]Petitioner filed numerous motions for sentence modification
and petitions for state habeas relief in the Superior Court, and
the Superior Court denied all motions and petitions.  Although
Petitioner did appeal the Superior Court's July 20, 2006 denial
of a petition for a writ of habeas corpus pertaining to the June
22, 2006 violation of probation sentence, Petitioner voluntarily
withdrew the appeal in October 2006.

[8]In Delaware, a state prisoner must present an ineffective
assistance of counsel claim to the Superior Court in a Rule 61
motion within one year of the judgment of conviction becoming
final.  Del. Super. Ct. Crim. R. 61(i)(1);  Kendall v. Attorney
General of Delaware, 2002 WL 531221, at *4 n.2 (D. Del. Mar. 26,
2002).  The State contends that Petitioner's June 8, 2006
violation of probation became final on July 10, 2006, when the
time for filing a direct appeal to the Delaware Supreme Court
expired, thereby giving Petitioner until July 10, 2007 to file a
timely Rule 61 motion.  Del. Super. Ct. Crim. R. 61(m)(1).
However, given the fact that the Superior Court modified the June
8, 2006 sentence on June 22, 2006, it appears that Petitioner's
violation of probation may not have become final for the purposes
of Rule 61 until July 24, 2006, thereby giving Petitioner until
July 24, 2007 to timely file a Rule 61 motion.  Regardless of
which date the Court uses, Petitioner still has time under Rule
61(i)(1) to file a Rule 61 motion in the Superior Court.  As a
word of caution, the Court notes that it only references these
two different dates to illustrate that Petitioner is still
capable of complying with the time limitations imposed on filing
a motion for post-conviction review in the Delaware Superior
Court, and advises Petitioner that he is ultimately responsible
for determining the accurate timely filing date for any Rule 61
motion he may decide to pursue.
    Additionally, none of the other procedural bars contained in
Rule 61 would prevent Petitioner from presenting the instant
ineffective assistance of counsel claim to the Delaware state

the Court will deny Claim Three without prejudice to enable
Petitioner to exhaust state remedies.

### D.   Availability of a Stay

In Rhines v. Weber, 544 U.S. 269, 273-74 (2005), the United
States Supreme Court held that, in extremely narrow
circumstances, a district court has the discretion to stay a
timely filed habeas proceeding if the petition contains both
exhausted and unexhausted claims.  Specifically, if the district
court determines that an "outright dismissal [of the mixed
petition] could jeopardize the timeliness of a [future]
collateral attack," the district court has discretion to stay the
habeas proceeding in order to enable the petitioner to return to
state court and exhaust state remedies.  Rhines, 544 U.S. at 274
(holding that the situations in which a federal court has
discretion to engage in the stay-and-abey procedure for mixed
petitions are very limited);  compare with Crews v. Horn, 360
F.3d 146, 154 (3d Cir. 2004)(holding that "a stay is the only
appropriate course of action" for a mixed petition "when an
outright dismissal could jeopardize the timeliness of a
collateral attack.").  The stay-and-abey procedure is only
appropriate if the district court "determines there was good

---

courts.  The claim is not barred by Rule 61(i)(2) or (3) because
Petitioner has not yet filed a Rule 61 motion, and Rule 61(i)(4)
does not bar a Rule 61 motion because the ineffective assistance
of counsel claim has not been previously litigated.  See Kendall,
2002 WL 531221, at *4, n.2

cause for the petitioner's failure to exhaust his claims first in state court" and the claims are not plainly meritless.  <u>Rhines</u>, 544 U.S. at 274.

Here, it appears that AEDPA's one-year limitations period is close to expiration.  However, the Court will not stay the pending proceeding because Petitioner has not provided good cause for his failure to exhaust state remedies.  The State filed its Answer in December 2006, and the Answer clearly explains that the ineffective assistance of counsel claim is unexhausted. Petitioner has had ample time to either comply with the exhaustion requirement or to provide the Court with a reason as to why he has not exhausted state remedies for his ineffective assistance of counsel claim.  Given his failure to do either, the Court concludes that a stay is not warranted.

Additionally, having determined that two of the claims are moot, the Court questions whether the Petition can even be viewed as a mixed petition.  Because the Court does not have jurisdiction to review moot claims, the Petition essentially contains only one viable claim, which remains unexhausted. Therefore, a stay would not be appropriate for an entirely unexhausted petition.

## V.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a

certificate of appealability.  See Third Circuit Local Appellate

Rule 22.2.  A certificate of appealability is appropriate when a

petitioner makes a "substantial showing of the denial of a

constitutional right" by demonstrating "that reasonable jurists

would find the district court's assessment of the constitutional

claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v.

McDaniel, 529 U.S. 473, 484 (2000).  Additionally, if a federal

court denies a habeas petition on procedural grounds without

reaching the underlying constitutional claims, the court is not

required to issue a certificate of appealability unless the

petitioner demonstrates that jurists of reason would find it

debatable: (1) whether the petition states a valid claim of the

denial of a constitutional right; and (2) whether the court was

correct in its procedural ruling.  Id.

The Court has concluded that it cannot review Claims One and

Two because they are either moot or fail to raise issues

cognizable on federal habeas review.  The Court has also

concluded that Claim Three is unexhausted, and that Petitioner is

still capable of exhausting state remedies for this claim in the

Delaware state courts.  Therefore, in effect, the Petition

contains one unexhausted claim, and the Court must dismiss the

Petition without prejudice in order to afford Petitioner an

opportunity to exhaust state remedies.

13

In the Court's view, reasonable jurists would not find these conclusions to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied without prejudice.

An appropriate Order will be entered.